2014 UT App 245

## THE UTAH COURT OF APPEALS

J.L.C.,
Plaintiff and Appellant,

*v.*

K.A.A.,
Defendant and Appellee.

Memorandum Decision
No. 20130053-CA
Filed October 17, 2014

Fifth District Court, St. George Department
The Honorable G. Rand Beacham
No. 124500599

Rick C. Mellen, Attorney for Appellant

Jack B. Burns, Attorney for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES JAMES Z. DAVIS and JOHN A. PEARCE
concurred.

VOROS, Judge:

¶ 1     J.L.C. appeals the district court's order dismissing for lack
of standing his petition to establish paternity. We conclude that
*R.P. v. K.S.W.*, 2014 UT App 38, 320 P.3d 1084, a case issued after
the parties' principal briefs were filed in the present appeal,
resolves all material issues against J.L.C. We accordingly affirm
the judgment of the district court.

¶ 2     The facts of the present case mirror those in *R.P.* In brief,
K.A.A. (Mother), a married woman, had an affair with J.L.C. and
became pregnant. Although Mother initially discussed raising

the child with J.L.C., she and her husband reconciled and decided to raise the child as their own. J.L.C. filed a petition to establish paternity. Mother moved to dismiss, asserting that, under the Utah Uniform Parentage Act (the UUPA), J.L.C. lacked standing to maintain the action. The district court granted Mother's motion.

¶ 3 On appeal J.L.C. contends that the district court erred in determining that he lacks standing under the UUPA to maintain his action for an adjudication of parentage. "The issue of whether a party has standing is primarily a question of law, which we review for correctness." *Id*. ¶ 4 (citing *Washington County Water Conservancy Dist. v. Morgan*, 2003 UT 58, ¶ 18, 82 P.3d 1125).

¶ 4 J.L.C.'s principal argument is that section 607(1) of the UUPA does not bar him from challenging paternity even though the child was born during Mother's marriage with a presumed father.[1] Section 607 provides in relevant part:

> Paternity of a child conceived or born during a
> marriage with a presumed father . . . may be raised
> by the presumed father or the mother at any time
> prior to filing an action for divorce or in the
> pleadings at the time of the divorce of the parents.

Utah Code Ann. § 78B-15-607(1) (LexisNexis 2012).[2] In *R.P.* we considered whether, as J.L.C. contends, this section merely

---

1. J.L.C. also relies on language in section 602 granting standing to "a man whose paternity of the child is to be adjudicated." Utah Code Ann. § 78B-15-602(3) (LexisNexis 2012). However, this apparent grant of standing is expressly subject to section 607. *See id.*; *R.P. v. K.S.W.*, 2014 UT App 38, ¶ 13, 320 P.3d 1084.

2. Under section 204 of the UUPA, a man is the presumed father of a child if "he and the mother of the child are married to each
(continued...)

places a time restriction on a petition filed by the presumed father and mother or, as Mother contends, it bars all challenges to paternity not brought by the mother or the presumed father. *R.P.*, 2014 UT App 38, ¶ 16. Because the text of the section is ambiguous, we exhaustively considered its legislative history, the policy objectives of the statute, the framework of the uniform act on which the UUPA is based, and surrounding sections of the UUPA. *Id.* ¶¶ 18–25. We concluded that the Utah Legislature intended "to encourage a presumed father to stay married to the mother and to raise the child in an intact marriage." *Id.* ¶ 26. Accordingly, "[u]nless the couple decides to seek a divorce, section 607 limits the persons with standing to raise the paternity of the child to the presumed father and the mother." *Id.*

¶ 5    J.L.C. urges us to examine the legislative history of section 607, various policy considerations, and the separate opinions of two justices of our supreme court in *Pearson v. Pearson*, a case decided under pre-UUPA law. *See* 2008 UT 24, ¶¶ 35–37, 182 P.3d 353 (Nehring, J., concurring); *id.* ¶¶ 38–45 (Durham, C.J., dissenting). But horizontal stare decisis "requires that a court of appeals follow its own prior decisions." *State v. Menzies*, 889 P.2d 393, 399 n.3 (Utah 1994). "[A] panel may overrule its own or another panel's decision where the decision is clearly erroneous or conditions have changed so as to render the prior decision inapplicable." *Id.* (citation and internal quotation marks omitted). But neither of those exceptions applies here.

¶ 6    Finally, J.L.C. contends that even if section 607(1) denies him standing, sections 607(2) and 607(3) permit him to challenge the child's paternity. *See id*. § 78B-15-607(2), -(3). These sections do not aid J.L.C. Section 607(2) offers ways to rebut the presumption of paternity where the mother and the presumed father marry after the birth of the child. *See id.* §§ 78B-15-

other and the child is born during the marriage." Utah Code Ann. § 78B-15-204(1)(a) (LexisNexis 2012). Here, Mother's husband qualifies as the presumed father of the child.

204(1)(d), -607(2). But here Mother and the presumed father married before the birth of the child. And section 607(3) sets forth methods to rebut the presumption; it does not address who has standing to employ those methods. *See id.* § 78B-15-607(3).

¶ 7     Because Mother and her husband were "married to each other and the child was born during their marriage," her husband "is the child's presumed father under section 78B-15-204(1)(a)." *See R.P. v. K.S.W.*, 2014 UT App 38, ¶ 12, 320 P.3d 1084. And because the child has a presumed father under section 204, section 607 applies and restricts standing to challenge paternity to the mother and the presumed father. Although legal presumptions typically operate as shortcuts to the truth, here our legislature has adopted a legal presumption that will often operate counterfactually. The UUPA in effect subordinates the judiciary's truth-seeking function to a fundamental policy concern: protecting "the marriage, the child, and the relationship between the child and the presumed father [from] attack by outsiders to the marriage," an attack that might discourage "the presumed father from staying married to the mother and assuming parental responsibilities for the child." *Id.* ¶ 24.

¶ 8     In sum, the district court correctly read section 607 and properly ruled that J.L.C. lacks standing to claim paternity of the child born during the marriage. We accordingly affirm.

.                        _____